IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RICHARD ALEXANDRO RODRIGUEZ §
RODRIGUEZ, A# 246-533-698, §
                                             §
    *Petitioner*,                            §
                                             §
VS.                                          §    CIVIL CASE NO. SA-26-CV-3053-FB
                                             §
MIGUEL VERGARA, Field Office Director, San §
Antonio Field Office, Immigration and Customs §
Enforcement, in His Official Capacity; ROSE §
THOMPSOM, Warden, Karnes County Immigration §
Processing Center, in Her Official Capacity; TODD M. §
LYONS, Acting Director of U.S. Immigration and §
Customs Enforcement, in His Official Capacity; §
MARKWAYNE MULLIN, Secretary, U.S. §
Department of Homeland Security, in His Official §
Capacity; and TODD BLANCHE, Acting U.S. §
Attorney General, in His Official Capacity, §
                                             §
    *Respondents*.                           §

## ORDER FOR SERVICE AND FURTHER ORDERS OF THE COURT

Before the Court is the Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and

Complaint for Declaratory and Injunctive Relief (ECF No. 1), filed by Petitioner Richard Alexandro

Rodriguez Rodriguez.

IT IS HEREBY ORDERED that notice of electronic filing of the Petition (ECF No. 1) and this Order

to the United States Attorney in San Antonio, Texas, shall constitute service on the Federal Respondents, as

required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5, and on all

Respondents unless otherwise contested.[2]

---

[1]  The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[2]  Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

IT IS FURTHER ORDERED that Respondents shall file a response to the Petition **within seven  (7)**

**days** of the date of service.  The Response **MUST** identify:

(1)    Petitioner's alleged country of birth;[3]

(2)    Petitioner's alleged date of entry and statutory basis for removability;

(3)    Petitioner's previous immigration detention history, if any;[4] and

(4)    Petitioner's alleged immigration status.[5]

Additionally, because this case appears to turn on whether Petitioner's detention without a bond

hearing violates the due process rights afforded to noncitizens who have established a presence in the United

States, **Respondents MUST consider the Court's prior orders addressing this question[6] and note any**

**material factual differences** between those cases and this one. If Respondents so choose, in lieu of a full

response, they may instead file a response indicating that there are no material factual differences here and

preserving all legal arguments made by the Federal Respondents in those cases.

IT IS FURTHER ORDERED that, if Petitioner elects to file a reply, Petitioner may do so **no later**

**than seven (7) days** after the Respondents file their answers/responses.

---

[3]   This information is required to ensure that Petitioner can be located in the Online Detainee Locator System.

[4]   *E.g.*, whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior.

[5]   *E.g.*, whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture or is subject to a final removal order.

[6]   *E.g., Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem,* Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026)*; Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025);  and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025)*.*

IT IS FURTHER ORDERED that **any possible or anticipated transfer of Petitioner Richard Alexandro Rodriguez Rodriguez is IMMEDIATELY STAYED[7] until further order from this Court. Respondents shall not transfer Petitioner Richard Alexandro Rodriguez Rodriguez outside of this judicial district during the pendency of this litigation and until further Order of this Court.** Of course, this order does not stay this case or any order of removal and/or the removal proceedings and does not preclude Respondents from taking necessary steps to effect Petitioner's removal. Instead, only the physical transfer of the Petitioner is stayed at this time.

It is so ORDERED.

SIGNED this 11th day of May, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[7] *See Maldonado v. Lyons,* Case No. 5:26-CV-0112-JKP, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (stay of removal and transfer by Court is proper exercise of Court's inherent power to preserve ability to hear case and "address the matters raised in the instant habeas petition").